# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40951

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JIMMY STANLEY BRIZUELA,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-476-1

Before KING, SMITH, and ELROD, Circuit Judges.

PER CURIAM:*

Jimmy Brizuela was convicted of illegal reentry. He contends that the district court should have dismissed the indictment because the government did not refer him to an asylum officer for a reasonable-fear determination before prosecuting. Finding no error, we affirm.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40951

I.

Brizuela was removed to El Salvador in April 2013 after being convicted of an aggravated felony. A month later, a Border Patrol agent detained him when he tried to reenter. During a later interview with that agent, Brizuela answered in the affirmative when asked whether he had a fear of persecution or torture if he were removed again; the agent gave him a notice stating that the Department of Homeland Security intended to reinstate the order of removal. The next day, the agent filed a criminal charge for illegal reentry in violation of 8 U.S.C. § 1326.

Brizuela moved to dismiss the indictment. He contended that, when he expressed a fear of persecution, the government was required to refer him to an asylum officer to determine whether he had a reasonable fear of persecution and would be eligible for withholding of removal. The government had not referred him for an interview, so Brizuela claimed that it was barred from prosecuting him for illegal reentry.

After a hearing, the district court denied the motion, holding that the government's obligation to refer Brizuela to an asylum officer did not prohibit it from prosecuting. Brizuela was found guilty by a jury.

That decision not to dismiss is the basis of this appeal. Brizuela contends that the government's failure timely to refer him to an asylum officer should have barred his prosecution for illegal reentry.

II.

Brizuela's appeal ultimately rests on the underlying assertion that the government could not prosecute for illegal reentry until he was referred to an asylum officer for a reasonable-fear interview. He bases this on 8 C.F.R. § 241.8(e):

2

Exception for withholding of removal.  If an alien whose prior order of removal has been reinstated under this section expresses a fear of returning to the country designated in that order, the alien shall be immediately referred to an asylum officer for an interview to determine whether the alien has a reasonable fear of persecution or torture pursuant to § 208.31 of this chapter.

Irrespective of whether the government violated § 241.8(e), such a violation has no relevance to the prosecution for illegal reentry.  No legal authority mandates a pause to criminal proceedings until the reasonable-fear interview takes place; § 241.8(e) requires that the alien "immediately" be referred but does not restrict the time to bring criminal charges relative to the time of referral, nor does it prescribe some collateral impact on criminal proceedings if the government fails to follow the regulation.  And the outcome of those civil proceedings would have no effect on Brizuela's criminal case.  An alien can still be prosecuted for illegal reentry under 8 U.S.C. § 1326 even if he qualifies for withholding of removal; illegal reentry requires, as relevant to this case, only that the alien was previously removed and then reentered without authorization.  With no legal authority requiring a halt on a separate track of the legal system, dismissing the indictment on this basis would have been error.

Nor can Brizuela salvage his appeal on a constitutional claim.  In the motion to dismiss the indictment, he made passing mention of his due-process and equal-protection rights, and he has sprinkled sporadic invocations of those rights in his briefs.  Because § 241.8(e) is unrelated to his criminal case, Brizuela has limited ammunition to make a constitutional challenge on this appeal.  A violation of § 241.8(e) does not preclude criminal proceedings or prescribe different criminal procedures, and this criminal appeal is not the place for Brizuela to seek civil relief regarding the immigration proceedings.

We have recognized that there are circumstances in which dismissal of an indictment may be the proper remedy for outrageous government conduct,

No. 14-40951

but that holds no promise for Brizuela. Even assuming that he is making this argument and that the failure timely to provide a reasonable-fear hearing is the sort of wrong that can be the basis of an outrageous-conduct dismissal, the government's alleged violation of § 241.8(e) here is not "so shocking to the universal sense of justice" that it violated the Fifth Amendment. *United States v. Mauskar*, 557 F.3d 219, 232 (5th Cir. 2009) (internal quotation marks omitted). Brizuela has identified no regulations, statute, or constitutional guarantee that would have justified dismissing the indictment.

AFFIRMED.